IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GARRY MICHAEL DRENNAN,**

    **Plaintiff,**

**v.**                                              **// CIVIL ACTION NO. 1:06cv42**
                                                                    **(Judge Keeley)**

**JIM RUBENSTEIN, WYETTA FREDERICKS,**
**SHANNON MARKLE**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT

On March 17, 2006, pro se plaintiff Garry Michael Drennan ("Drennan") filed a civil rights complaint, alleging that it is standard practice for the DOC to house inmates at the regional jails for the minimum term of their sentences. According to Drennan, on March 18, 2005, the Circuit Court of Lewis County, West Virginia, sentenced him to a term of imprisonment of not less than two years to not more than twenty years and that his Judgment and Commitment Order specifically states that his sentence is to be served at the Mt. Olive Correctional Complex. However, at the time of the filing of his complaint on March 17, 2006, Drennen alleged that he was being house at the Central Regional Jail until such time that his transfer could be made to the custody of the Division of Corrections ("DOC").

Based on these facts, Drennan asserted that the defendants conspired to hold him at the Central Regional Jail and that such

**DRENNAN v. RUBENSTEIN, et al**                                  **1:06cv42**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH
PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

conduct is both illegal and unconstitutional. He further asserted that he was being denied the rights and privileges of other DOC inmates being held at regular DOC facilities. Therefore, Drennan sought an Order directing the DOC to immediately transfer him to a DOC facility and directing the DOC to stop housing DOC inmates at regional jails.

The Court referred Drennan's complaint to United States Magistrate Judge John S. Kaull in accordance with Local Rule of Prisoner Litigation 83.01, et seq. On July 12, 2006, Magistrate Judge Kaull conducted a preliminary review and determined that summary dismissal was not warranted at that time. Therefore, the Court directed the defendants to answer Drennan's complaint.

On July 18, 2006, Defendant Jim Rubenstein ("Rubenstein") filed a motion to dismiss the complaint. Later, on August 2, 2006, Defendants Wyetta Fredericks ("Fredericks") and Shannon Markle ("Markle") also filed a motion to dismiss. After the issuance of a Roseboro Notice, Drennan filed a single brief in opposition of both motions.

On January 8, 2007, Magistrate Judge Kaull issued a Report and Recommendation recommending that the defendants' motions to dismiss be granted and Drennan's claims be dismissed with prejudice. Specifically, he concluded that, to the extent that Drennan sought

2

an order from the Court directing his transfer to a DOC facility, his claim is moot because he had been transferred from the regional jail to the custody of the DOC and is currently incarcerated at Huttonsville Correctional Center.

Magistrate Judge Kaull further concluded that, in order to qualify for prospective relief with respect to prison conditions, Drennan must first establish a violation of a federal right. Recognizing that an inmate has no right to be housed in any particular facility, the Magistrate Judge stated that Drennan could not establish a violation of any federal right based on the DOC's alleged failure to immediately transfer an inmate to a DOC facility. He also noted that Drennan conceded that the prolonged placement of inmates in a regional jail is due to the DOC's limited resources and lack of beds in its facilities. Therefore, the plaintiff has failed to establish any intentional or purposeful discrimination on the part of the DOC in housing inmates in regional jails.

Accordingly, Magistrate Judge Kaull concluded that Drennan had failed to state a claim that the West Virginia DOC violated the equal protection rights of its inmates by housing them in regional jails. He further stated that, to the extent Drennan sought a writ of mandamus against the DOC, he failed to meet the heavy burden of

showing that he had no other means to attain the relief he sought and that such relief is clear and indisputable. The Magistrate Judge, therefore, recommended that the defendants' motions to dismiss be granted and Drennan's claims be dismissed with prejudice.

The Report and Recommendation informed the parties that failure to object to the Magistrate Judge's recommendations would result in the waiver of their appellate rights on the issues raised in this case. No objections were filed.[1]

Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt no. 27), **GRANTS** the defendants' motions to dismiss (dkt nos. 9 & 15) and **DISMISSES WITH PREJUDICE** Drennan's civil rights complaint. The Court further **ORDERS** the case be stricken from its docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: January 30, 2007.

---

[1] Drennan's failure to object to the Report and Recommendation waives his appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

CARTER V. FEDERAL BUREAU OF PRISONS, ET AL.                    1:05CV130

**ORDER ADOPTING REPORT AND RECOMMENDATION**

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE